By the Court.*—Boardman, J.
An objection strenuously insisted upon by the defendant is, that several causes of action are improperly joined. It is sufficient to answer that the objection should have been taken by demurrer {Code, § 144, subd. 5; § 148). Inasmuch as it was not so taken, it was waived.
The cause of action is one and entire ; it is not an action for malicious prosecution, nor for breach of contract, nor for recovery of damages for the conversion of personal property. It sets forth these facts, as elements of damage, and also as evidence of the fraudulent plan and design of defendant, and means used by him for accomplishing his purpose of cheating and *267 defrauding plaintiff out of Ms property, and rigMs. It was not, therefore, necessary to set out those facts with the same particularity as if relying solely upon them for a cause of action.
The action being such as I have indicated, it was not necessary to allege the prosecution had ended. It is essentially an action against the defendant for an abuse of the process of the law, in order illegally, and wrongfully, by that means, to compel plaintiff to surrender up his property and rights to the defendant. In such a case, it is unnecessary to allege or prove the termination of the prosecution. The action may be maintained without it (2 Greenl. Ev. § 452; Grainger v. Bill, 4 Bing. N. C. 212).
TMs renders it unnecessary to consider whether the prosecution was ended in fact, or any objection was made upon the trial, entitling the defendant to raise that question on appeal.
An exception is also taken to the charge of the judge upon the subject of conversion. A demand and refusal is undoubtedly only evidence of conversion. When, however, the judge says, a demand and neglect to return is a conversion, the meaning and intent is quite evident. A general exception to such charge, without pointing out or calling attention to critical inaccuracy, would not present an error to be here regarded.
• It is simply a catch and a qrnbble. It is not fair to the court; but in reading the whole charge it cannot be contended that the question of defendant’s right to refuse to deliver the property was not fairly submitted to the jury.
A demand was properly made; the defendant did not deliver it up. That was conclusive evidence of a conversión, if defendant had no right to retain it. Whether he had the right to retain it, was fairly submitted to the jury. The defendant has no just cause to *268 complain of the manner of such submission. It was quite as favorable as defendant was entitled to; indeed, it might with great force be contended that the original taking was wrongful, and no demand necessary.
[The learned judge then disposed of some minor exceptions, and concluded:]—No error is discovered to the prejudice of the defendant for which, in our judgment, a new trial should be granted.
The judgment and order are therefore affirmed with costs.

 Present—Learned, P. J., and Bockes and Boardman, JJ.