JOHN H. SIMONSON, as the Executor, etc., of BENJAMIN SIMONSON, Deceased, Respondent, *v.* MICHAEL A. FALIHEE, Appellant, Impleaded, etc.

*Error of county clerk in recording a release — when the mortgagee is not affected thereby — an assignee has no better title than had his assignor.*

The plaintiff, who was the owner of a mortgage covering land belonging to one Sparks, agreed to and did release a portion thereof from the lien of the mortgage. By an error of the county clerk the instrument, as recorded, released the part intended to be retained, and retained the part intended to be released. Thereafter Sparks gave a mortgage upon the part released by the record, but in fact retained, to one Falihee, who had notice of the plaintiff's

rights. Subsequently, and while the release was so recorded, Falihee assigned his mortgage to one Dowdney, who had no notice of the plaintiff's lien.

*Held*, that the plaintiff was not affected by the error of the clerk or concluded by the record, and that as against Dowdney, who acquired no better title to the Falihee mortgage than his assignor had, the plaintiff's mortgage was entitled to priority.

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

The action was brought to foreclose a mortgage given by one Hannah Sparks in September, 1861, to one Wheaton upon the purchase from him of certain land in Westchester county. Subsequently the mortgage was, by various *mesne* conveyances, transferred to the plaintiff, the assignment to him being dated June 24, 1871, but not recorded until May 13, 1879.

In December, 1873, the plaintiff, on the application of Mrs. Sparks, represented by her husband, agreed to release from this mortgage all of the mortgaged premises except the house, barn, outbuildings and the five acres of land upon which the buildings stand, *i. e.*, the premises described in the complaint herein. Mr. Sparks had the release prepared according to the agreement of the parties and took it to the plaintiff to have it executed. The plaintiff's assignment not having been recorded he had the release executed by his assignor Jane A. Simonson, the assignment to whom had been recorded. After its execution the plaintiff delivered the release to Mr. Sparks, who had it recorded on January 23, 1874. In 1874, Mr. Sparks, acting for his wife, told Falihee that the plaintiff had a mortgage for about $2,100 or $2,200 on the house, buildings and five acres on which the buildings stood (being the premises in question, and that being the amount due on plaintiff's mortgage), and that Mrs. Sparks had also ten acres of unimproved land adjoining, which was free and clear and that he (Falihee) might have a second mortgage on the buildings and five acres, or a first mortgage on the ten acres as he pleased. Falihee after going to Pelham and examining the property took a second mortgage for $2,500 on the five acres and buildings. About August 12, 1876, Falihee assigned his mortgage to Abraham Dowdney, and in the assignment guaranteed the payment of the

mortgage debt. Dowdney thereafter foreclosed the mortgage and the premises were bid in by a son of Falihee.

The releasing part of the release above spoken of was in the following words, to wit:

"Doth grant, release, quit-claim and set over unto the said party of the second part all the said mortgaged land, except so much thereof as is bounded and described as follows," etc. (Then follows a description of the premises excepted from the release.)

The register in recording it omitted by mistake the word "except" so that the record read:

"Doth grant, release, quit-claim and set over unto the said party of the second part all the said mortgaged land, so much thereof as is bounded and described as follows."

*John F. Gray*, for the appellant.

*Mills & Wood*, for the respondent.

BARNARD, P. J. :

In December, 1873, Benjamin A. Simonson was the owner of a bond and mortgage upon premises in Westchester county. The mortgage originally had been given by one Hannah Sparks and husband to Wheaton for the purchase of the land. On the 23d of December, 1873, Simonson released a portion of the mortgaged premises to Mrs. Sparks. The release was so worded that the whole mortgaged premises were released, except a certain particularly described portion therein. The release was recorded by mistake, omitting the word "except," whereby the premises designed to be released were not so released by the record, and that portion designed to be retained was released. Michael Falihee took a mortgage on the piece intended to be in fact not released. He had notice of the prior mortgage. Sparks offered him his election to take a first mortgage upon the part really released, or a second on the part really retained subject to the mortgage. As to Falihee he took with notice, and his assignees took no more rights than he had unless they are aided by the recording acts. Falihee assigned his mortgage to one Dowdny. Dowdny foreclosed it and Michael A. Falihee bought the premises in at the sale by Michael Falihee, as

his attorney. When Dowdny bought Falihee's mortgage the release was erroneously recorded. The mistake was discovered before the foreclosure sale. The case, therefore, presents the sole question: Did the sale of the mortgage by Falihee, who had notice of the priority of the Simonson mortgage to Dowdny, who had no notice, transfer the right to Dowdny to hold his mortgage superior to the Simonson mortgage? I think it did not. In the first place there is no proof that either Falihee or Dowdny were deceived by the record, or that they either examined it before they took the mortgage. In the next place it has been repeatedly held by the Court of Appeals that an assignee of a mortgage takes the mortgage subject to all latent equities which existed against the assignor at the time of the transfer. This rule is not relaxed by the fact that the assignee took without notice of the defense to the mortgage and paid full value for the security. (*Trustee, etc.*, v. *Wheeler*, 61 N. Y., 98; *Viele* v. *Judson*, 82 id., 38; *Westbrook* v. *Gleason*, 7 id., 30.) The record did not bind Simonson. He did not have it recorded. He is not to be deprived of his property by a failure of the clerk to record the release properly. Falihee is the subsequent purchaser or incumbrancer, and it was his duty to see to it that his title or conveyance was first "duly recorded." If Sparks was the purchaser he was to record it properly. The record of the release was complete when it was left with the clerk for record. (1 R. S., 760.) There are several decisions under a statute substantially similar to ours that in the absence of fraud or collusion the party is not responsible for the error of the clerk.

In the present case Simonson gave a good release, and his connection with it terminated there. Somebody made a mistake in the record to his injury. The record in such a case is not conclusive against him. He may show the mistake. (1 R. S., 759; *Wilsey* v. *Dennis*, 44 Barb., 359.)

The judgment should be affirmed, with costs.

GILBERT, J., concurred.

Present — BARNARD, P. J.; GILBERT and PRATT, JJ.

Judgment affirmed, with costs.