26  573
8ap334

MARTHA D. SMITH, Respondent, *v.* GAMALIEL G. SMITH, Appellant, Impleaded, etc.

*Malicious filing of lis pendens — when not actionable.*

The complaint herein alleged that the defendants, in an action brought by them againt the plaintiff, wrongfully, maliciously and without reasonable or probable cause filed a notice of *lis pendens* and a complaint affecting a lot of land belonging to the plaintiff, stating therein that the land did not belong to the plaintiff but to her husband, and that the title thereto was fraudulent as against the defendants who claimed to be creditors of her husband; that the said statements were made maliciously and with intent to injure the said lot and the building thereon, and that they were intended to and did prevent her from selling the same, thereby producing a loss to her of over $50,000; that the notice of *lis pendens* was subsequently canceled of record on the application of the said defendants.   It was not alleged that the action in which the notice of *lis pendens* was filed had been in any way terminated, nor was that action alleged to have been brought maliciously or without probable cause.

*Held,* that a demurrer interposed to the complaint on the ground that it did not state facts sufficient to constitute a cause of action should be sustained. (Brady, J., dissenting.)

Appeal from an interlocutory judgment, entered upon an order overruling a demurrer to the complaint.

The appeal was decided in December, 1880, and the decision then made is reported in 20 Hun, 555.   In May, 1880, a reargument was ordered, and thereafter this decision was made.

The complaint alleged that the plaintiff was the owner of a lot and building situated in the city of New York.   "That the said defendants, on the 10th day of July, 1873, through one G. S. P.

Stillman, an attorney-at-law, and the attorney of the said defendants thereunto duly authorized by them, as this plaintiff is informed and believes, filed, or caused to be filed, in the office of the clerk of the city and county of New York, a notice of pendency of action upon, and referring to the complaint in a certain action then pending in the Court of Common Pleas, for the city and county of New York, wherein the said defendants were parties plaintiff, and this plaintiff and others were made parties defendant, wherein and whereby it was, among other things, alleged in said notice that said action had been commenced, and was pending to recover the interest of this defendant's husband, Alpheus F. Smith, in the premises hereinbefore described, and which was the property of this plaintiff, and the complaint in which action, which was filed in the office of the clerk of said court, and was the same complaint referred to in said notice, alleged and declared the said premises to be the property of her said husband, Alpheus F. Smith, and that her title to the same was fraudulent as against the said defendants, who claimed to be creditors of her said husband.

" That the said defendants, through their said attorney, well-knowing the premises, and maliciously and without reasonable or probable cause, continuing to cause it to be suspected that this plaintiff did not own said lot of land, and the building thereon, and that she was a fraudulent owner and holder thereof, and to prevent this plaintiff from effecting a sale thereof, if she so desired, wrongfully caused said notice to be so filed as aforesaid, giving notice of the matters therein, and in the said complaint set forth to all the world.

" That the statements and allegations contained in said notice, so filed as aforesaid, and in the complaint to which the same referred, charging this plaintiff with not being the owner of said lot of land, and the building thereon, and that her ownership of the same was fraudulent and void as against the creditors of her husband, was and are wholly false, and were made maliciously and with the intent to injure the said lot of land and building, as well as this plaintiff, and to prevent her from selling the same.

" That thereafter, and on the 27th day of June, 1874, the said notice of pendency of action was, by order of the said Court of Common Pleas, canceled of record on the application of the said

defendants, through their said attorney, as she is informed and believes, whereby the same was wholly ended.

" That in or about the month of August, 1873, and after the filling, as aforesaid, of the said notice, and before the same was canceled, this plaintiff had a *bona fide* offer, and could have sold the said lot of land, and the building thereon, together with the furniture therein contained, for the sum of $130,000, to one A. B. Rand, but that in consequence of said notice, and the filing thereof, and the matters so set forth in said complaint so referred to, the said A. B. Rand refused to purchase the said lot and building, and this plaintiff was prevented from effecting a sale thereof.

" That by reason of the premises, and of the wrongful and malicious act of the said defendants in so filing said notice, this plaintiff lost the sale of the said lot and building erected thereon, and in consequence thereof suffered damage in the sum of $50,000.

" Wherefore said plaintiff prays judgment against said defendants for the said sum of $50,000, besides the costs and disbursements of this action.

*James Thompson*, for the appellant.

*Benjamin F. Carpenter*, for the respondent.

DANIELS, J.:

It appears from the complaint that an action was prosecuted by the defendants, as creditors of the plaintiff's husband, to reach certain property which stood in her name, as the property of her husband, on the ground that her title was fraudulent as to them. The plaintiffs in that action through their attorneys knowing, as it is alleged, the property to be that of the plaintiff in this suit, maliciously and without reasonable or probable cause filed a notice of the pendency of the action, stating therein that the property to be affected was not that of the plaintiff but that it belonged to her husband and that her title was fraudulent as to his creditors. These statements are affirmed to have been at the time maliciously false, and it is alleged that they resulted in preventing a sale of the property, and in that manner producing a loss to the plaintiff of the sum of $50,000.

It was not averred that the action had been in any form terminated, neither was it alleged to have been maliciously or without probable cause prosecuted against her.   For this reason the suit cannot be maintained because of her improper or inexcusable prosecution by that action.   Even if an action may be maintained for maliciously and without probable cause prosecuting the plaintiff where no arrest of the person has been made and no seizure of the property has taken place, as it was held might be done in the cases of *Whipple* v. *Fuller* (11 Conn., 581); *Closson* v. *Staples* (42 Vt., 217), and was also intimated might be the case, when it produced special injury not recompensed by the costs recovered, in *Cotterell* v. *Jones* (7 Eng. Law and Eq., 475, 480), the facts constituting such a right of action have not been disclosed by the complaint made in this suit.   The action is not shown to have been malicious nor without probable cause, neither is it stated to have been ended; and all those facts should have been set forth to bring the present case within these authorities, and those requiring it to appear that the prosecution complained of has reached its termination.   (*Clark* v. *Cleveland*, 6 Hill, 344; *Fay* v. *O'Neill*, 36 N. Y., 10; *Thomas* v. *De Mott*, 18 How., 529.)

The facts which are relied upon as the foundation of this action are those connected with the filing of the notice which was canceled before the commencement of this suit, and they plainly differ very materially from those appearing where a malicious arrest may have been made for an amount greatly exceeding the real demand, or under like circumstances the party's property has been oppressively seized.   In those cases an action for damages occasioned by the malicious act may be maintained (*Brown* v. *McIntyre*, 43 Barb., 344; *Churchill* v. *Siggers*, 3 Ell. & Black, 929; *Bebinger* v. *Sweet*, 1 Abb. N. C., 263), and the same principle includes an action maliciously prosecuted by another in the name of an insolvent plaintiff. (*Cotterell* v. *Jones, supra.*)   But in this case there was no arrest of the plaintiff's person nor seizure of any of her property; all that was done was the filing of a notice substantially stating that she had no title to the property described in it as against her husband's creditors.   This notice did not prevent her from continuing to occupy or enjoy the property, nor from selling it if a purchaser willing to buy it could have been found.   It simply had the effect

of informing purchasers of the rights asserted in the action, and subjecting any which might afterwards be acquired by others in the property, to the judgment recovered. ( *Wilsey* v. *Dennis*, 44 Barb., 354; Code of Pro., § 132.)

Whatever injury may have been sustained by the plaintiff in consequence of the filing of this notice, was produced by the claim made in it. And the statements it contained on that subject were entirely appropriate and pertinent to the description or expression of the claim asserted. For that reason they were privileged, and as the law now stands, do not create any right of action although falsely and maliciously made. Upon this subject it has been held that, " whatever may be said, or written by a party to a judicial proceeding, or by his attorney, solicitor or counsel therein, if pertinent and material to the matter in controversy, is privileged and consequently lays no foundation for a private action or public prosetion. * * * If what is said or written is pertinent and material to the controversy, the protection to parties and those who represent them (for all stand on the same ground), is absolute and unqualified, and no one shall be permitted to allege that it was done with malice." (*Gilbert* v. *People*, 1 Denio, 41, 43; *Gar* v. *Selden*, 4 Comst., 91; *Marsh* v. *Ellsworth*, 50 N. Y., 309; S. C., 36 How., 532.) The notice whose statements are relied upon as sufficient to support the present action was in the usual form sanctioned by the practice, for an action of the description of that in which it was used. What it contained was entirely pertinent and appropriate to the case, and as that was its character, and the injury complained of was solely caused by such statements, they gave the plaintiff no legal right to maintain the present action against the persons by whose authority and procurement it was filed. Perhaps the better rule would be to hold all persons maliciously assailing others or their property, in judicial proceedings, liable the same as though the wrong had no connection with legal investigations, as seems to have been sanctioned by the case of *White* v. *Nicholls* (3 How. [U. S.], 266.) But as the authorities in this State are plainly the other way, the court has no power now to do that. If the plaintiff can obtain redress for her asserted injury it must be after the action in which the notice was filed has been terminated, and only then by showing it to have been maliciously prosecuted, without

reasonable or probable cause. The interlocutory judgment entered upon the demurrer must be reversed and an order entered sustaining the demurrer with leave to the plaintiff to amend in twenty days, but, as the facts are made to appear, it should be without costs.

DAVIS, P. J., concurred.

BRADY, J.:

I am unable to agree with my Brother DANIELS. I do not think that he meets and overcomes the fact established by the effect of the demurrer, that the *lis pendens* was filed maliciously and for an evil purpose. The action of which it was an incident is not complained of because that did not affect the title of the plaintiff's property and interfere with its sale. It was the *lis pendens* that produced that result, and the employment of it was an abuse of the privilege of the suitor. The *lis pendens* was created for honest litigations, or those presumptively so, and not for malicious and dishonest purposes. There was no necessity to await the determination of the action in which the filing of the *lis pendens* is admitted to have been improperly, maliciously done. This means that it represented no cause of action, no claim and no demand to which it could relate. I must, therefore, adhere to the views heretofore expressed. (See *Smith* v. *Smith*, 20 Hun, 555.)

Judgment reversed, without costs. Order entered sustaining demurrer with leave to plaintiff to amend in twenty days.