## SUPREME COURT

MOSES B. HAZARD agt. CHARLES L. HARDING.

*Pleadings — Complaint — Demurrer — Action to recover damages for abuse of legal process — Sufficiency of complaint — Action may be sustained without proof of probable cause — Where greater particularity in a complaint is required the remedy is by motion and not by demurrer.*

A complaint substantially alleging that the defendants wrongfully sued, arrested and imprisoned the plaintiff for a wrongful or fictitious claim, is not amenable to a general demurrer, as facts are stated constituting a cause of action for damages, for abuse of legal process, which action may be sustained without proof of a want of probable cause.

*Special Term, June,* 1882.

*W. B. Hornblower,* for demurrer.

*Lucien Birdsey,* opposed.

LARREMORE, *J.* — The complaint alleges that on December 20, 1879, the defendants wrongfully and maliciously contriving, purposing and intending to injure, harass and distress the plaintiff, and to compel him by and through fear and duress of imprisonment to pay and satisfy a wrongful and fictitious debt, wrongfully brought an action against him for the recovery thereof, which was finally dismissed upon the merits. That plaintiff was twice arrested and imprisoned in said action, and has sustained damage thereby in the sum of $20,000 for which he brings suit.

Hazard agt. Harding.

The defendants interpose a general demurrer to the complaint, and ask judgment in their favor.

The action is neither for malicious prosecution or false imprisonment, in both of which an averment of want of probable cause would be necessary. This suit is evidently brought to recover damages for abuse of legal process, and may be sustained without proof of a want of probable cause.

It is urged, however, that such an action can only be predicated upon some collateral object, and not where it is to collect the very debt in suit (*Granger* agt. *Hill*, 4 *Bing. N. C.*, 212.)

The right to collect a debt does not ordinarily include the right of arresting the debtor. This latter right may depend upon collateral and independent facts and there is no reason why an abuse of it should be tolerated, because such right may be incident to an action of debt.

Where the process of the court is illegally and wrongfully used to compel the surrender of property or rights, a right of action accrues to the party injured (*Brown* agt. *Freter*, 7 *Wend.*, 301; *Bebinger* agt. *Sweet*, 1 *Abb. N. C.*, 263; *Smith* agt. *Smith*, 20 *Hun*, 555.)

It may also be observed that two arrests in one action seem to be vexatious, and raise a presumption of wrong.

The allegation is that the defendants wrongfully sued, arrested and imprisoned the plaintiff for a wrongful or fictitious claim. This is an averment of a fact and is good pleading under the present practice, which requires a statement of facts and not the evidence of them.

Such an averment meets the requirements of the statute, and if the defendants require greater particularity, their remedy is by motion and not by demurrer.

Judgment for plaintiff upon the demurrer, with leave to defendants to answer on payment of costs.