## BUFFALO LUBRICATING OIL COMPANY (LIMITED), RESPONDENT, v. CHARLES M. EVEREST, APPELLANT, IMPLEADED WITH HIRAM B. EVEREST.

*Complaint — striking therefrom of irrelevant allegations — when no action lies for the bringing of an unfounded suit.*

This action was brought to recover the damages alleged to have been occasioned by the wrongful acts of the defendants in confederating and conspiring together to prevent the plaintiff from carrying on its business in Buffalo, and to cripple and bankrupt it and prevent it from selling the articles manufactured by it. After setting forth different acts of the defendants tending to establish the cause of action, the complaint alleged, in separate and distinct paragraphs, that the defendants, in pursuance of and to accomplish the purposes of the conspiracy,

caused several actions to be commenced against it by another corporation, of which they were the chief executive officers and managers, and in which they were stockholders; that the actions were still pending and were without merit and brought for the purpose of bringing ruin and bankruptcy upon the plaintiff.

*Held*, that as there was no averment or pretense that the defendants had resorted to any abuse of the process of law in the prosecution of the actions referred to in the complaint, the allegations relating thereto were irrelevant and should be stricken from the complaint.

APPEAL from an order made at Special Term denying the defendant's motion to strike out portions of the complaint as irrelevant.

The complaint alleges that the defendants combined and confederated together to deter and prevent the plaintiff from carrying on its business in the city of Buffalo; to cripple and bankrupt the plaintiff; to prevent the sale of the articles which it manufactured and to destroy the reputation of the same among its customers. That in pursuance of the conspiracy, and to effect the purpose mentioned, the defendants enticed from the plaintiff's service one of its skilled workmen, and by sending letters and the use of other means solicited various persons, customers of the plaintiff, not to purchase oil from it, and threatened them with law suits and expenses if they continued to patronize the plaintiff and purchase its manufactured articles. It then alleges in separate and distinct paragraphs, each of which is numbered, that in pursuance of the conspiracy and to accomplish the purpose of the combination, as alleged, the defendants caused several actions to be commenced in the name of the Vacuum Oil Company against the plaintiff, and one in the name of the defendant Hiram B. Everest, stating the object and purpose of each suit and alleging that the same are without merit, and brought for the purpose of bringing ruin and bankruptcy upon it, accompanied with an averment that all of such suits are still pending.

The plaintiff is a corporation organized under and in pursuance of the laws of the State of New York, engaged in the manufacture of oils at the city of Buffalo.

The Vacuum Oil Company is a corporation organized under the same laws, and the defendants are its chief executive officers and managers, and are also stockholders therein.

*Thomas G. Outerbridge,* for the appellant.

*Corlett & Hatch,* for the respondent.

BARKER, J. :

Some of the paragraphs of the complaint embraced in the motion to strike out, relate to the averments concerning the commencement and prosecution of actions against the plaintiff as one of the means resorted to, by the defendants to effect the ruin and bankruptcy of the plaintiff, and to drive it out of the business of refining oil. As the complaint alleges that these suits are still pending and undetermined, and there is no averment or pretense that the defendants have resorted to any abuse of the process of law in the prosecution of these actions, the matter averred concerning these suits is in my judgment irrelevant and should be stricken out.

Any unlawful act done with a view of injuring another in his reputation, business or property, is actionable if damage result therefrom. The prosecution of suits in the organized courts of the State is a lawful and legitimate act, and so long as the result is undetermined it cannot be said to be unjustifiable. A conspiracy consists in the unlawful combination or agreement of two or more persons to do an act unlawful in itself, or to do a lawful act by unlawful means. These constitute the very substance and essence of a conspiracy, as the same is understood and defined in the law.

The allegation of conspiracy between the defendants to commit the act complained of, is of no importance so far as it respects the cause and ground of action. A simple conspiracy, however atrocious, unless it results in actual damage to the party against whom the conspiracy is aimed, is not the subject of a civil action. It is only necessary to be averred and proved, where a verdict is demanded against two or more defendants. If there be a failure to prove the combination, then the plaintiff is entitled to a verdict against either defendant upon whom an unlawful act is proved to the damage of the plaintiff. (*Hutchins* v. *Hutchins,* 7 Hill, 107 ; *Savill* v. *Roberts,* 1 Lord R., 374 ; *Parker* v. *Huntington,* 2 Gray, 124 ; *Bowen* v. *Matheson,* 14 Allen, 499 ; *Laverty* v. *Vanarsdale,* 65 Pa., 507.)

If the allegations of the complaint relating to the prosecution of

the suits were separate from the other averments as to the means resorted to, to affect the purpose of the conspiracy, the action would then be, in its nature and character, an action on the case for a malicious prosecution. Should these allegations be allowed to remain as pertinent averments, then the defendant is at liberty to take issue, with the plaintiff on the charge, that the suits were begun and were prosecuted maliciously, without merit or probable cause. It would be a grievance to the defendants, as well as impracticable, to compel them to try these questions in this action. The fact that the subject matter of the suit pertains to the business in which the plaintiff is engaged, does not change the case or make the acts of the defendants in instituting the suits unlawful. There is no averment in the complaint, that the defendants have resorted to any act, which can be construed to be an abuse of the process of the court. In actions of this character it is not necessary to aver and prove that the process improperly employed is at an end, nor that it was sued out without reasonable or probable cause. (2 Greenl. Ev., § 452; 2 Add. on Torts., 755.) Actions of this character may be maintained whenever the person who sues out the process uses the same for some private purpose of his own, not warranted by the exigencies of the writ or the order of the court, and is liable for damages for such abuse.

The case of *Bebinger* v. *Sweet* (1 Abb. N. C., 263) is not an authority in support of the plaintiff's position. In that case it was alleged that the defendant caused the plaintiff to be arrested for embezzlement as a means of accomplishing an unlawful purpose, and upon the trial it was proved that the plaintiff was arrested and gave bail, and while before the court the defendant's counsel advised the plaintiff to settle or the defendant would send him to State prison. It was held by the court upon review, that it was not necessary to allege that the prosecution had ended ; that it was essentially an action against the defendant for the abuse of the process of the court for the purpose, illegally and wrongfully, by that means, to compel the plaintiff to surrender up his property and rights to the defendant. In that case the abuse of the process consisted in making the threat, that if the plaintiff did not settle the demand which the defendant made upon him, then he would send him to prison. It was a plain attempt to make use of the process which had been

issued at the instigation of the defendant, by virtue of which the plaintiff was at the time in custody, to intimidate and frighten him into a compliance with the demands of the prosecutor in reference to other matters of a personal character.

It is an abuse of the process of the court to issue execution upon a satisfied judgment, and seek to enforce the same by levying upon and selling the property of the defendant. (*Swan* v. *Saddlemire*, 8 Wend., 676.) And to the same effect is *Barnett* v. *Reed* (51 Penn., 190); see, also, *Mayer* v. *Walter*, 64 Penn., 283.)

Paragraphs five, six, seven, eight and ten relate wholly to the pending suits, and should be struck out as irrelevant. Paragraph four relates entirely to the acts of the defendant in enticing from the plaintiffs' employment its servants, and should be retained.

It is urged by the defendant that the complaint in this respect does not set up sufficient facts so as to make it appear that the defendant's conduct in this respect was actionable. It was not necessary to set out the facts with more particularity, as if relying solely upon them as the cause of action. The act charged is averred as one of the means by which the defendant sought to accomplish another and an unlawful purpose, which is the real cause of action alleged.

Paragraph two, contains pertinent matter stating the business and pecuniary relations which the defendants hold towards the Vacuum Oil Company, and should be also retained.

The order appealed from is modified by striking out paragraphs five, six, seven, eight and ten and retaining paragraphs two and four.

No costs to either party.

Present — HARDIN, P. J., BARKER, and DWIGHT, JJ.

Order modified as stated in the opinion of BARKER, J., without costs. The order to be settled by Mr. Justice BARKER.