*1830.*

Kingsland
v.
Roberts.

---

KINGSLAND, assignee, &c. *vs.* ROBERTS, executrix, &c.

Where a bill was filed to settle the accounts of a joint adventure, more than twenty years after the whole subject of the controversy had arisen, and where the justice of the claim had not been admitted during that time the staleness of the demand was considered a good reason for refusing any relief to the complainant.

THE complainant filed his bill in this suit for an account, and the cause was submitted on the pleadings and proofs. The facts in the case sufficiently appear in the opinion of the chancellor.

*April 20th.*

.THE CHANCELLOR.    This bill was filed in December, 1825, by the assignee of R. Roberts, an insolvent debtor, to recover from the executrix of M. Jones a balance alleged to be due from the latter, previous to 1805.  R. Roberts, M. Jones and R. Simons were owners of the brig Amiable Creole in 1803, each owning one third.   The brig was captured in 1804 ; and being insured, R. Roberts received the insurance money, and, as he alleges, paid the other owners their share of the money, leaving certain debts for supplies furnished the brig unpaid.   This settlement was in September, 1804, and the claim in this cause is for Jones' share of what Rob-

erts says he paid on account of the ship, in the latter part of the same year. R. Roberts was discharged uuder the insolvent act, in July, 1817, and assigned his property to Kingsland. Jones died in November, 1824, and Simons the May preceding. It is evident, from exhibit No. 4, that the whole subject matter of this controversy arose on and previous to the 12th of January, 1805; nearly twenty one years before this suit was commenced. Jones lived more than nineteen years after that time and it is evident from the exhibits produced that he never, during that time, could have admitted the justice of the claim. I am inclined to think that this is a case where an action of assumpsit would have been sustainable, if there was any justice in the claim; and, consequently that the statute of limitations would be a good bar. But at all events, the staleness of the demand, and the length of time which has elapsed, are sufficient to induce this court to refuse its aid at this time. The suit is not commenced until all those who could explain the transaction are in their graves; and the original party making the claim is the only witness to substantiate a single item of the account. It also appears that he was the person who applied to the counsel to commence the suit in the name of his assignee. Although the executrix has been fortunate enough to find his receipt in full dated in 1806, about one year after the controversy arose, this witness attempts to explain it away. In this, however, he has not succeeded to the satisfaction of the court. The receipt is for two hundred and twenty five dollars in full of all demands against the brig. Considering all the facts of this case, and the frequent mistakes this witness made in other parts of his examination, I am satisfied I should be doing injustice to the heirs of Jones if I trusted to his recollection to explain away this receipt. Although Jones frequently consented to submit the justice of the claim of Roberts to his neighbours, it is not to be inferred from that circumstance that he admitted its correctness. I think the contrary presumption would be the most reasonable. The owners of different interests in a ship are tenants in common and not partners; and each one is liable for his portion of the repairs, &c. If Roberts paid to Simons his share of the insurance

money before his part of the debt was settled, it does not follow that Jones was bound to pay the half of his share of those debts if he afterwards became insolvent. If Roberts paid a debt due from himself and his joint owners, he should have called on Simons for his share while he was responsible.

The bill must be dismissed, with costs.