## LYON *vs.* CHASE.

An instrument, made since 1787, by one person to another, conveying lands in fee, in this state, operates as an assignment and not as a lease; and hence the strict relation of landlord and tenant is not created thereby.

There is, therefore, no distinction between the covenants contained in such an instrument and other sealed instruments, so far as the presumption of payment or extinguishment is concerned.

Where, in an action upon the covenant to pay rent, contained in such an instrument, executed in 1799, there was no evidence to show that any rent had ever been paid upon it, during a period of sixty-four years, and it appeared affirmatively not only that the defendant had not paid rent within twenty-two years, prior to the commencement of the action, but that the plaintiff had not *claimed the same; Held* that upon these facts the law raised the presumption that the cause of action had been released, discharged or extinguished, and the plaintiff could not recover.

The presumption of payment, in such a case, will not be repelled by an admission of the defendant that there had been a general resistence and refusal to pay rent, for the last twenty-five years, by the tenants of the manor of which the lands in question constituted a part.

THIS is an appeal by the defendant from a judgment entered upon the report of a referee in favor of the plaintiff.

*A. Bingham,* for the appellant.

*W. A. Beach,* for the respondent.

*By the Court,* INGALLS, J.    The case contains the following : "It was proved that during all the time in which the defendant had been an owner of, or connected with, the premises, *from* 1842 down, no rent on the said indenture *had been claimed, or paid by the defendant or his co-tenants;* that this suit was commenced on the 12th day of May, 1864." A more unequivocal state of facts than the above could not well be proved, as thereby it appears affirmatively, not only that the defendant had not paid rent within twenty-two years prior to the commencement of this action, but that the plaintiff had *not claimed the same.* There is certainly significance in the expression "*no rent on the said indenture had been claimed,*" which implies rather an admission that the claim or cause of action did not exist, than that the remedy to enforce a supposed right of action had not been resorted to during such period. Indeed there is no evidence that rent had ever been paid upon the said indenture executed by Greenman Carpenter to Stephen Van Rensselaer on the 15th day of September, 1799, a period of about sixty-four years prior to the commencement of such action. It is settled that the instrument in question operated as an assignment and not as a lease, and hence the strict relation of landlord and tenant was not created thereby. (*Van Rensselaer* v. *Dennison,* 35 *N. Y. Rep.* 393.) There would therefore seem to be no distinction between the covenants contained in the instrument in question and other sealed instruments, so far as the presumption of payment or extinguishment is concerned. The question then arises, has the plaintiff, under the circumstances of this case, by lapse of time, lost the right to recover upon the covenants contained in the instrument in question. In other words, does the law, upon the fact thus substantially conceded, raise the presumption that the alleged cause of action has been released, discharged or extinguished ? We are of opinion that it does, and that

the plaintiff was not entitled to recover, upon the facts proved.

The case of *Tyler* v. *Heidorn,* (46 *Barb.* 439,) decided by this court, does not, in my judgment, dispose of this case. *In that case there was no positive evidence that rent had not been paid* within twenty years, and the court gave prominence to that fact. Judge HOGEBOOM remarks, at page 463: "Taking these circumstances into consideration, to wit, the supposed absence of any *necessity for proof* on the part of the plaintiff as to the payment or non-payment of rent, *except for the year* 1842; the conceded existence of an instrument providing for the payment of a perpetual rent, obligatory upon the parties to the suit; the possession and production of this instrument by the plaintiff; *the absence of any positive proof* of non-payment, or of any facts or circumstances leading to the presumption of the extinguishment of the rent; the careful transmission to the plaintiff of all the rights and interest which Van Rensselaer had to the property and the rents subsequent to the execution of the instrument, I do not think we ought to indulge the presumption that the rent was extinguished or discharged or paid." The positive evidence that no rent had been paid within twenty-two years prior to the commencement of the action, and the absence of any evidence that any rent whatever had ever been paid upon said instrument, clearly distinguishes the case at bar from *Tyler* v. *Heidorn.* We do not think the admission by the defendant that there had been a general resistance and refusal to pay rent for the last twenty-five years, by the tenants of the manor of Rensselaerwyck, repels the presumption which the law raises against the claim in question. It is a fact as notorious that actions were repeatedly commenced to enforce the payment of rent upon similar instruments, in one form and another, at almost all periods during the last twenty-five years, as that there has been a resistance to the payment of such rent.

The presumption of payment or extingushment of demands or causes of action, arising from lapse of time, has been frequently enforced. In *Clark* v. *Hopkins*, (7 *John.* 556,) the court refused to allow judgment to be entered upon bond and warrant of attorney of eighteen years standing, and remark: "It has been decided that after eighteen or twenty years a bond will be presumed to have been paid." In *Jackson* v. *Pratt*, (10 *John.* 381,) the court held that when no demand had been made, or steps taken to enforce payment of a mortgage for nineteen years prior to the trial, a jury would be warranted in finding it *satisfied*. In *Giles* v. *Baremore*, (5 *John. Ch.* 545,) the court of chancery held that a mortgage upon which no interest had been *paid or demanded for thirty-five years would be presumed satisfied*.

In *Fox* v. *Phelps*, (20 *Wend.* 437,) the court decided that the performance of a condition would be presumed, after the lapse of twenty-nine years. In *Bander* v. *Snyder*, (5 *Barb.* 63,) Justice HARRIS remarks : "When the forbearance has continued twenty years, this alone is sufficient, of itself, to warrant the presumption of payment, and when connected with circumstances tending to prove payment," a shorter period will be sufficient. (*See also Failing* v. *Schenck*, 3 *Hill*, 345 ; *Cowen & Hill's Notes to Phil. Ev. vol.* 1, *p.* 316, *&c. note* 307.) It was held in *Livingston* v. *Livingston*, (4 *John. Ch.* 294,) that where there had been no *demand of rent* upon a perpetual lease, for forty-four years from the date of the lease, the lapse of time was sufficient evidence that *the rent had been extinguished*.

In *Jackson* v. *Davis*, (5 *Cowen*, 130,) SUTHERLAND, J. remarks : "*Satisfaction of the rent* might possibly be presumed, as payment of a bond will be, after a forbearance of *twenty years*, unexplained on the part of the obligee." (*See also Belmont* v. *O'Brien*, 12 *N. Y. Rep.* 395.) The law does not regard with favor the enforcement of causes of action, which by lapse of time become stale, when there are

Lyon *v.* Chase.

no circumstances proved which afford a reasonable excuse for the delay in enforcing the same. In *Ellison* v. *Moffatt*, (1 *John. Ch.* 46,) a bill was filed for an accounting, and it appearing that there had been a delay of twenty-six years, the chancellor dismissed the bill, and remarks: " It is against the principles of public policy to require an account after the plaintiff has been guilty of so great laches." (*See also Arden* v. *Arden*, 1 *John. Ch.* 313; *Pickering* v. *Stamford*, 2 *Ves. Jr.* 272.) In *Kingsland* v. *Roberts*, (2 *Paige*, 193,) the bill was filed for an accounting in regard to a transaction which occurred twenty years prior to filing the bill, and the chancellor refused relief on account of the staleness of the demand, and says: " But at all events the staleness of the demand, and the length of time which has elapsed is sufficient to induce the court to refuse its aid at this time." In *Piatt* v. *Vatten*, (9 *Peters*, 405,) Justice Story says, in regard to the satisfaction of a cause of action: "And we are of opinion that the lapse of time is upon principles of a court of equity a clear bar to the present suit, *independently of the statute.*" He then cites with approbation the remarks of Lord Camden in *Smith* v. *Clay*, (*note to* 3 *Brown's Ch. Rep.* 640,) which are as follows: " A court of equity, which is never active in relief against conscience or public convenience, has always refused its aid to *stale demands* when the party has slept upon his rights, and acquiesced for a great length of time. Nothing can call forth this court into activity but conscience, good faith and reasonable diligence; when these are wanting, the court is passive and does nothing. Laches and neglect are always discountenanced, and therefore from the beginning of this jurisdiction there was always a limitation to suits in this court." Justice Story further remarks that this doctrine has repeatedly received the sanction of the American and English courts, and cites several cases in support of the assertion. (*See also Chalmer* v. *Bradley*,

1 *Jac. & Walker*, 51,) where this subject is very fully discussed. We are unable to see why this principle, which seems of such universal application, does not apply to the case at bar. For, as has been before remarked, the instrument in question was executed in 1799, and there is not the slightest evidence in the case, showing that rent has been paid thereon, and there is positive evidence that none has been paid within twenty-two years prior to the commencement of this action. If such a demand is not to be regarded as stale, and for that reason barred, it is difficult to imagine one where the principle should apply. The rule is salutary, and well calculated to protect the rights of parties against the assertion of claims which from lapse of time are not easily traversed, on account of loss of evidence or other causes; and the misfortune, if any arises, certainly should be sustained by the party who has neglected to assert the claim within a reasonable time.

The answer and motion for a nonsuit sufficiently raise the question which we have considered. The judgment must be reversed, and a new trial ordered, with costs to abide the event.

[ALBANY GENERAL TERM, December 2, 1867. · *Peckham, Miller*, and *Ingalls*, Justices.]