WILLIAM P. VAN RENSSELAER, Respondent, *v.* ELI VICKERY.

(GENERAL TERM, THIRD DEPARTMENT, JULY, 1870.)

The presumption that a deed, duly executed and acknowledged, was delivered on the day of its date is controled by a presumption that it remained in the grantor's possession until the time at which the stamps thereon purport to have been canceled by him.

Accordingly, where the date written upon the revenue stamp is later than that of the deed, it will be presumed that the delivery was made at the time of the cancellation of the stamp.

It is competent to prove in an action of ejectment by one who swears to an acquaintance with the premises described in the complaint, and to having obtained information from one living thereon that from his knowledge and information the defendant occupies within the premises so described.

And the testimony of one who has examined surveys and maps of the premises so described and plotted the same out according to the surveys, and followed the different lines as given in the description, with the naked eye, and found the bounds of the defendant's occupation is also admissible upon the same question.

Where, in ejectment for non-payment of rent reserved upon a lease in fee, the defendant having occupied for twenty years under the lease without payment or demand upon him, pleads the statute of limitations, evidence that others have paid rent on the lease within that time is admissible to show a claim thereof by the landlord.

THIS was an appeal from a judgment entered on the verdict of a jury at the Rensselaer Circuit in June, 1869, Mr. Justice PECKHAM presiding.

The action was ejectment for non-payment of rent upon a lease from Stephen Van Rensselaer to Robert Patrick, dated October 3d, 1795, and the complaint described and demanded possession of the premises covered by the lease. Evidence of the death of Stephen Van Rensselaer, his will, the com-

mon law demand, and payment of rent by the grantor of the defendant, was given. There was conflicting evidence as to whether the defendant's farm was covered by the Patrick lease, and that question was left to the jury in accordance with the request of defendant's counsel, and they found for the plaintiff.

The defendant having proved the commencement of the action to have been on the 14th of September, 1864, to show title out of the plaintiff at that time, introduced from the records of the Rensselaer county clerk's office a record of a deed from him to Kidd & Cagger of the lease and the rent charge in question. This deed bore date on the 12th of August, 1864, and was acknowledged the same day, but was not recorded until 26th September, more than a month afterward. To rebut any presumption of delivery, derived from the date, before the suit was commenced, the plaintiff introduced the original deed claiming that it was in the grantor's hands on the 21st of September, on which day the revenue stamps were canceled by him. The court held the presumption to be in the absence of any other evidence, that the deed was not delivered until after the cancellation of the stamps by the grantor, and the defendant excepted.

There was proof of the payment of rent on this lease by David Waterbury, who formerly held under the lease, on the 7th of February 1822, and the plaintiff, to rebut any presumption of discharge from *non-claimer* of the plaintiff, introduced evidence of payments of rent on this lease, within twenty years by other persons than the defendants, viz., October 25th, 1863, by Henry Quils, $190; November 21st, 1863, by Elijah Tifft, $83.98. To this the defendant excepted.

Various questions of evidence were made upon the trial, which are sufficiently stated in the opinion. The jury rendered a verdict in favor of the plaintiff. A motion was made for a new trial on the minutes and denied, judgment was entered on the verdict, and the defendant appealed to the General Term of this court.

Van Rensselaer v. Vickery.

*R. A. Parmenter*, for the appellant.

*S. Hand*, for the respondent.

By the court—MILLER, P. J.   I think that the judge upon the trial properly held, that the legal presumption was that the deed to the plaintiff of the premises in question, which bore date, and was acknowledged upon the 12th day of August, 1864, was delivered at the time of the cancellation of the revenue stamps thereon, which was on the 21st day of September, 1864, in the handwriting of the plaintiff, and after the commencement of this action.

Although the legal presumption ordinarily is, that a deed duly executed and acknowledged is delivered on the day of its date unless the contrary is proved (2 Green. Ev., § 297), this presumption may be rebutted by other proof, which establishes a delivery upon another day.   In order to give effect to a conveyance of real estate, it is essential that revenue stamps be affixed to it, duly canceled in accordance with the provisions of the statute on that subject.   Until this is done, the delivery of the deed is not fully perfected. Even if the deed is valid without any stamp, where the stamp has not been omitted with an intent to evade the stamp act; yet, inasmuch as the revenue law requires a stamp, to render such an instrument valid and effectual, the absence of such stamp is, at least, presumptive evidence, that the deed has not been lawfully delivered.   The omission to obey the law, in the absence of any explanation, must be deemed willful, and with an intent to evade its requirements.   (*Thomas* v. *Carpenter*, 53 Barb., 382.)   As the law never presumes the violation of a penal enactment, which would have been the case, if the deed had been delivered without stamps, or, if stamps had been affixed and left uncanceled afterward, (U. S. L. of 1864, chap. 173, §§ 156, 158), the presumption is quite conclusive, that it was not actually delivered until the stamp was affixed, and that it was thus affixed and canceled at the time it purports to have been done by the grantor.

The presumption being that the stamp was not affixed until the 21st of September, the inference would seem to be irresistible, that the deed still remained in the possession of the grantor, and that it was not delivered prior to that period.

The several objections taken to the admission of evidence, I think, were properly overruled by the court. Those which are especially presented by the defendant's counsel are only entitled to particular consideration. It was competent to prove by the witness, Ambler, that from his knowledge of the location of that region of country, the fifty acres was a part of the premises described in the lease under which the plaintiff claimed. The witness was acquainted with the premises, and had obtained information from some one who was upon them, and I see no objection to his testifying from his knowledge and information, as to the location of the premises. After having testified that he was acquainted with the premises which are mentioned as describing the land in controversy, it was competent, I think, for the witness to testify that as he *understood it,* the Vickery place was included within the bounds of the Patrick lease. This was a fact, and not an opinion, which clearly came within the knowledge of the witness, and which did not infringe upon any rule of evidence. So, also, the testimony of Church, that he followed out with his naked eye the different lines, as they appeared in the Patrick lease; followed up by proof that he found the bounds of the defendant's occupation; in connection with evidence, that he had examined the surveys and map, and plotted the lease out, according to the surveys, was competent. Perhaps the evidence was not entitled to as much weight as if he had seen the lines and made an actual survey, but it was at least some testimony upon the subject of location, the importance and character of which was proper for the consideration of the jury upon this question of fact.

In my opinion, there was no error in allowing the witness, Church, to testify that he went to the neighborhood of the defendant on purpose to ascertain the boundaries of the Pat-

Van Rensselaer *v.* Vickery.

rick lease. The object he had in view added to the strength and force of his evidence, and made it stronger than if his examination had been merely casual. It would clearly have been competent to prove by a surveyor that he had gone for such a purpose, and there was no objection to proving by this witness, who had some collateral interest in the action, and who appeared to have some practical knowledge in regard to the location of this land, the purpose he had in view.

It is said that the plaintiff's action is barred by the statute of limitations. This defence was set up in the answer, but the point was not distinctly made upon the trial. Objection, however, was taken to proof of payment of rent upon the lease from other parties than the defendant or his grantors, upon the ground that it would not prevent the running of the statute of limitations as to the defendant.

In *Lyon* v. *Chase* (51 Barb., 13), in an action on a covenant to pay rent, contained in an instrument executed in 1799, where there was no evidence to show that any rent had been paid upon it during a period of sixty-four years, and it appeared affirmatively not only that the defendant had not paid rent within twenty-two years, but that the plaintiff *had not claimed* the same, it was held that the law raised the presumption that the cause of action had been released, discharged or extinguished, and that the plaintiff could not recover. Two things were essential to sustain this view; first, that no rent had *been paid;* and, secondly, that none was *claimed.* The proof introduced which showed the payment of rent in October, 1863, and in November of the same year, on account of the lease under which the defendant held, to a considerable amount, clearly showed a *claim* of rent, and whether the payment was made by a party or a stranger, manifestly tended to rebut the presumption that the cause of action was discharged. The case at bar is not analogous to those cases where a payment is made by an assignee or executor, upon a demand barred by the statute of limitations. (34 N. Y., 175; 36 N. Y., 88.) The evidence, therefore, was material, and clearly admissible.

It is claimed by the counsel for the plaintiff that the evidence was unnecessary and harmless to the defendant; as it has been held in *Hosford* v. *Ballard* (39 N. Y., 147), that the relation of landlord and tenant does exist in a lease of the character of the one upon which the plaintiff's right to recover in this action is founded, and therefore the doctrine of presumption of release by lapse of time, which in *Lyon* v. *Chase* is based upon a contrary doctrine, is overthrown. If the position claimed is sound, then of course the testimony was unimportant; but inasmuch as I have arrived at the conclusion that it was admissible on other grounds, it is not necessary to examine and consider the point last stated.

It is further insisted that the verdict of the jury is against the evidence. The only question of fact submitted to the jury related to the location of the premises, and whether the Patrick lease, under which the plaintiff claimed title, covered the premises. I think it cannot be denied that there was some evidence to establish that it did. There was testimony to show that rent had been paid upon the lease within a few years; that it was understood the lease embraced the premises in question, as well as other lands, and that one of the witnesses had examined the surveys and maps, and after looking over the line had satisfied himself that the land occupied by the defendant was covered by the lease, although the defendant controverted this testimony; and it is claimed that it was uncertain, indefinite and unreliable. Yet these were considerations properly belonging to the jury in passing upon the evidence; and it cannot be claimed, I think, that the case is so entirely destitute of evidence as to authorize this court to set aside the verdict for that reason.

There was no error on the trial, and the judgment must be affirmed with costs.

Judgment affirmed.