CHARLES W. LAWRENCE, APPELLANT, *v.* PATRICK FARLEY, RESPONDENT, IMPLEADED, ETC.

24h 293
164a 552

*Deed by which a grantee assumes mortgages — when the delivery of, will be presumed from the fact of its having been recorded.*

This action was brought to foreclose a mortgage upon certain premises which were, in 1861, conveyed by the mortgagor to the defendant subject to the mortgage now in suit and other mortgages, amounting in all to $7,000, which the grantee (the defendant) assumed to pay as so much of the consideration ($10,000) expressed in the deed. The plaintiff sought to charge the defendant with any deficiency that might arise upon the sale. Upon the trial the plaintiff offered in evidence a certified copy of the record of the deed, which was, upon the defendant's objection, excluded upon the ground that there was no evidence of its delivery.

*Held*, that this was error; that in the absence of any evidence to the contrary, the fact that the instrument was found upon the record duly acknowledged or attested, was *prima facie* evidence of its delivery. (BRADY, J., dissenting.)

APPEAL from a judgment entered upon an order dismissing the plaintiff's complaint, made on the trial of this action at Special Term.

*Charles N. Black*, for the appellant.

*Albert Cardozo*, for the respondent.

DANIELS, J. :

The object of this action was the foreclosure of a mortgage given by Daniel Shepherd to Alfred N. Lawrence to secure the payment of $3,500.

The mortgage was made in or about the month of December, 1860, and by its terms it secured the bond of the mortgagor given for the payment of the same debt. The bond and mortgage appear to have continued to be the property of the mortgagee until the 6th day of March, 1862, when they were assigned to the plaintiff in this action. Before that time, and in the month of July, 1861, a deed was executed by the mortgagor to the defendant in this suit, in form conveying to him the mortgaged property subject to the payment of this and other mortgage debts, and in terms declaring that they were assumed by the grantee as so much of the purchase or consideration money expressed in the deed.

These mortgages together amounted to the sum of about $7,000, while the consideration expressed in the deed was the sum of $10,000. The deed was by warranty containing full covenants, except as against these mortgagees. One of the objects of the action was to charge the grantee in the conveyance personally with the payment of the amount secured by this mortgage which should remain uncollected after the sale of the mortgaged property.

The deed itself was not produced upon the trial, but a certified copy of it was offered in evidence and rejected by the court, and the plaintiff excepted to the ruling by which that was done.

Whether this ruling was correct is the only point now required to be determined for the purpose of disposing of this appeal. An ineffectual effort was made on the part of the plaintiff to prove the actual delivery of the deed to the defendant. But that was not shown, although the evidence tended to warrant the inference that

he was connected with the transaction. It did not, however, appear that the deed had not in fact been delivered to him, or that he was not the person mentioned in it as the grantee. On the contrary, evidence was given tending to establish his identity, and without that it might be inferred from that of the name. (*Hatcher* v. *Rocheleau*, 18 N. Y., 86; *People* v. *Smith*, 45 id., 772.) By whose agency the deed was caused to be recorded in the office of the register was not shown; neither did it appear what became of it after the record of it was made. By its terms it appears to have conveyed a valuable interest in the property described in it, and when it was delivered to the register to be recorded it is to be presumed that the title to the property vested in the defendant, as long as it was not shown that he did not accept it or dissent from this delivery of the deed. As to instruments of this nature by which a valuable interest in lands may be conveyed, the assent of the person to be benefited by them is ordinarily assumed after they have been placed in the hands of some other person for the use of the grantee. This is the theory of the common law upon this subject. In *Verplank* v. *Sterry* (12 Johns., 536), this presumption was referred to as one existing in the law, and it seems to have formed the basis of the statutory provision declaring the effect of the record of a deed as evidence. Upon that subject it has been provided that the record or a duly certified transcript thereof may be read in evidence with the like force and effect as the original conveyance. But that is not to be conclusive, but it may be rebutted and the force and effect thereof contested by any party affected thereby. (3 R. S. [5th ed.], 54, § 41.) This provision carries with it a clear implication that it was intended by its enactment to sanction the substantial existence of this rule, and to allow a deed which has been recorded to be read as presumptive evidence of the truth of the record itself. That this was conformable to what was understood to be the existing rule upon the subject further appears from the authorities. In *Jackson* v. *Perkins* (2 Wend., 308) it was said that proof of the due execution of a deed and of its having been recorded is perhaps presumptive evidence of its delivery. (Id., 318.) This was repeated in terms of a more decisive nature in *Tompkins* v. *Wheeler* (16 Peters, 106), where it was declared, as to an assignment, that being for the benefit of the grantees the presump-

tion of. law is, in the absence of all evidence to the contrary, that they accepted it. And if a deed be delivered to a stranger for the use of the grantee without any condition annexed, making it an escrow, it is a delivery to the grantee, and the delivery to the clerk to be recorded may well be considered as falling within this rule. (Id., 119.) In *Doe* v. *Knight* (5 Barn. & Cress., 692) the delivery of a deed to a third person for the use of the party in whose favor it was made, where the grantor parted with all control over it, was considered effectual and as operative from the instant of such delivery, and that principle was followed and acted upon in *Van Rensselaer* v. *Vickery* (3 Lans., 57); *Clark* v. *Nixon* (5 Hill, 36); *Lady Superior, etc.*, v. *McNamara* (3 Barb. Ch., 375). In the last case it was held that a deed may be delivered to a stranger for the grantee named therein without any special authority from the grantee to receive it for him, and if a grantee assents to it afterwards the deed is valid from the time of the original delivery. It is upon the principle supported by these and other authorities that it has frequently been held that a delivery of a deed to the proper recording officer to be recorded, if intended to vest a title in the grantee, is a valid delivery if not afterwards dissented from by him. (Id., 378; *Rathbun* v. *Rathbun*, 6 Barb., 98; 2 Hilliard on Real Prop. [4th ed.], 434, § 85.) And the same thing was held in *Wilsey* v. *Dennis* (44 Barb., 354). It is a presumption, when the instrument is found upon the record properly attested or acknowledged, that it was placed there to convey the title mentioned in it, and that presumption is warranted by the ordinary experiences resulting from transactions of that nature. It is, however, simply a presumption liable to be removed and overcome by any evidence sufficient to show that the fact was otherwise. Nothing was shown in this case tending in any manner to indicate that this presumption was not in accordance with the truth. The record was in no manner impeached or discredited, and the transcript of it offered should have been received as evidence upon the trial of this action. It was competent proof, though not controlling or conclusive under the terms of the statute and of the authorities already mentioned; and because of its exclusion when it was offered the judgment in the case should be reversed and a new trial ordered.

DAVIS, P. J.:

The case presents a question of the *onus* of proof. If the recording of the conveyance is *prima facie* evidence of delivery it is sufficient to cast the burden of proof on the grantee. On that ground I think the views of my brother DANIELS to be right. Very slight evidence however would, I think, suffice to change the *onus*.

BRADY, J.:

When the object is to compel the payment of a mortgage on the ground that a grantee assumed the payment of it, proof should be given of the delivery of the deed, or of notice of its recording, in order, as to the recording, to show that the grantee had notice and might assent to or reject the incident. It is easy to create such an obligation, and the debt assumed might exceed the value of the property. No benefit in such a case would be derived from the deed. The assumption, amounting to a covenant to pay, proof of having made it should be required in all cases.

I therefore dissent.

Judgment reversed, new trial ordered, costs to abide event.