COOMBS v. QUINN ET AL.

1. **Boundaries**: LOST CORNER: REPORT OF COMMISSIONER: ACTION OF COURT ON.  When a commissioner appointed under Chap. 8, Laws of 1874, to locate a lost corner has reported, the court may, upon hearing objections to the report, reject the conclusion of the commissioner as to the location of the corner, and, from the evidence reported, establish the corner elsewhere.

2. ———: PROCEEDINGS TO ESTABLISH: CHAPTER 8, LAWS OF 1874: CONSTITUTIONALITY: RIGHT TO JURY TRIAL.  Chapter 8, Laws of 1874, providing proceedings for the establishment of lost boundaries, without trial by jury, is not repugnant to the constitution.  *Gates v. Brooks*, 59 Iowa, 510, followed.

3. **Practice in Supreme Court**: FINDING BASED ON CONFLICTING EVIDENCE.  As there was some evidence to sustain the finding of the trial court, it cannot be disturbed on appeal.

*Appeal from Butler District Court.*

TUESDAY, JUNE 9.

THIS is a proceeding under the statute to establish a lost corner. Miller's Code, 81. A commissioner was appointed, who made a survey, took evidence and made a report. The defendants filed objections to the report and moved to set it aside. The court sustained the motion, so far as the commissioner's finding is concerned as to the location of the corner, but did not reject the evidence, and, upon a hearing upon the evidence reported, found the corner as located by a survey made some years previous by one Rockwell, and rendered judgment establishing the corner as located by the Rockwell survey. The plaintiff appeals.

*J. H. Scales*, for appellant.

*Gibson & Dawson*, for appellees.

ADAMS, J.—I. The plaintiff contends that after the motion was sustained, as above set out, the report should have been referred back to the commissioner. But there does not appear to have been anything more for the commissioner to do. He had taken evidence, and made a survey and a plat, and showed by the plat where he thought the corner should be located, and where it had been previously located by Rockwell. The report seems to have been accepted by the court, except as to the commissioner's conclusion. While the motion was to set it aside, and the record states that the motion was sustained, yet, taking the whole record together, it shows clearly that only the finding was set aside, and a different finding made; and the judgment of the court, it appears, is and was, when properly considered, a mere modification of the report. Where objections are made to a commissioner's report, the statute provides that "the court shall hear and determine the objections, and enter an order or judgment either approving or rejecting the report, or modifying or amending the same." In making a different finding based upon the report, we think that the court was strictly within the statute.

II. The plaintiff contends that he was entitled to a trial by jury, but we held in *Gates v. Brooks*, 59 Iowa, 510, that the statute does not contemplate a trial by jury, and that the statute is not unconstitutional.

III. The plaintiff contends that the finding of the court is not sustained by the evidence, but we think that there was some evidence tending to sustain the finding, and we cannot disturb it. It has the force of a verdict of a jury.

AFFIRMED.