## CUTHBERTSON v. LOCKE ET AL.

70  49
85  461

1. **Boundaries**: PERMANENT SURVEY: REPORT OF COMMISSIONER: EVIDENCE. It is an important consideration in favor of the report of a commissioner in proceedings for the permanent survey of lands, under chapter 8, Laws of 1874, if the corners and lines reported by him correspond with other known corners and recognized lines in the neighborhood, and the subdivisions adjacent to the lines established by him have the area required by the regulations for the survey of public lands.

2. ———: ———: EFFECT ON TITLES: STATUTE OF LIMITATIONS. The statute of limitations has no application to proceedings for the permanent survey of lands, under chapter 8, Laws of 1874, because the effect of such proceedings is simply to establish lines and corners, and not to disturb titles or rights of possession.

*Appeal from Carroll District Court.*

TUESDAY, OCTOBER 26.

THIS is a proceeding under chapter 8 of the Acts of the Fifteenth General Assembly, for the permanent survey of certain lands. The court below approved the report of the commissioner appointed pursuant to the statute, and established the boundaries and corners as reported by him. The defendants appeal.

*McDuffie & Howard*, for appellants.

*Betzer & Betzer* and *Geo. W. Paine*, for appellee.

BECK, J.—I. The commissioner appointed by the court made a survey, and took the testimony of witnesses, in order

Cuthbertson v. Locke et al.

1. BOUND-
ARIES: per-
manent sur-
vey: report of
commission-
er: evidence.

to reach a conclusion as to the precise locality of the corners of the land which are in dispute. His effort was to find the true corners as established by the government surveys. Upon a careful consideration of the records, we are clearly of the opinion that he reached a correct conclusion, which he reported to the court. To our minds an important and controlling fact is that the corners and lines reported by him correspond with other known corners and recognized lines, and the lines approved in his report are direct, without variation from the other known lines in the neighborhood of the land, and the subdivisions adjacent to the lines established by him have the area required by the regulations for the survey of public lands. On the other hand, the lines contended for by defendants do not correspond with other lines, but vary largely from the course they should run, if correctly surveyed, making a southing of twenty rods in the line of a section. They also would give unequal quantities in certain adjacent subdivisions.

Certain witnesses testified to the place of a corner which seems to have controlled in establishing the line by a prior survey. This corner is claimed to be correct by defendants. We think the survey made by the commissioner overcomes their testimony. We are of the opinion that this corner was mistakenly recognized by the surveyor making the prior survey.

We reach the conclusion that the court below rightly approved and confirmed the commissioner's report, and established the corners and boundaries as located by him.

II. Defendants insist that they, or some of them, have been in actual adverse possession of the land for more than ten years, and that all actions against them to recover the land are barred by the statute of limitations. It is very plain that no defense, under the statute of limitations, can be interposed in proceedings of this character. The object of these proceedings

2. ——: ——:
effect on
titles: stat-
ute of limita-
tions.

is to establish corners and lines, and not the title or right of possession of adverse claimants. No provision is made by the statute authorizing the proceedings for the trial of issues involving title or right of possession; nor can any judgment entered thereon affect the rights of parties in the land. No process is authorized to oust a party in possession; nor is a claimant out of possession barred by a judgment from setting up, in a proper action, title to the land. The judgment in this case simply settles the lines and corners as they were established by the government surveyors. If defendants are in possession, they cannot be ousted except by action wherein they may set up the defense based upon the statute of limitations.

*Davis v. Curtis*, 68 Iowa, 66, is not in conflict with our conclusions in this case.

The judgment of the district court is

AFFIRMED.