## TOGNAZZINI v. MORGANTI et al.

### No. 13,362; February 6, 1890.

#### 23 Pac. 138.

**Land Patent—Location of Lines—Opinion Evidence.**—The lines
described in a patent must be located by the court according to the
calls of the patent. Witnesses can testify only as to the existence
and condition on the ground of what is called for in the writing; and
it is error to admit their opinions, speculations, or conjectures as to
the location of the lines.

APPEAL from Superior Court, Santa Barbara County;
R. M. Dillar, Judge.

W. C. Stratton for appellant; S. E. Crow and John J.
Boyce for respondents.

THORNTON, J.—Ejectment for a parcel of land in Santa
Barbara county. Judgment for defendants. Plaintiff moved
for a new trial, which was denied, and from this order of
denial plaintiff appeals. The controversy herein is as to the
location of the eastern patented line of the Casmalia rancho.
The parcel litigated is triangular in shape. The base of the

triangle is a portion of the southern patented line of the rancho. The plaintiff contends that the eastern line of this triangle is the true patented line. The defendants' contention is that a line farther west is the line as patented. The length of the base line is twenty · and twenty-hundredths chains. The other lines start from the ends of the base line, and converge in a northwesterly course until they meet. Of these converging lines, the westerly line is and will be called the "Harris Line," and the eastern is and will be called the "Cooper Line." The plaintiff contends for the Cooper line; the defendants for the Harris line. The court decided in favor of the Harris line, and thus upheld the contention of defendants. This eastern line of the Casmalia is thus described in the patent: It commences at a post which designates a station, and is marked "C No. 2"; "thence descending ridge south, fifty degrees east, eighty-eight chains and fifty links, enter Canada; thence down through some one hundred and fifty-five chains, leaving Canada bearing southeast; thence over low running hills three hundred and ninety-four chains and fifty links; leaves hills, and crosses road, course southwest and northeast, three hundred and ninety-five chains and fifty-five links, to old post in the entrance of the Canada Verde, marked 'T. S. No. 5 and C No. 3.' "

There is one very controlling call in the field-notes of the patent, and that is the road which the eastern line is described as crossing. The testimony shows this road, or the remains of an old road about where it is designated, near the entrance of the Canada Verde. There is testimony that a surveyor's post was erected at this point corresponding with the course and distance of the field-notes. That course is south, 50 east, and the distance 395 chains 55 links from post marked "C No. 2." We are of the opinion that the Cooper line is the true line, or near the true line, of the patent. There is evidence that there was no post found at what plaintiff contends is the true location of post C No. 3. If this post cannot be found, the question would then be very simple. The line must be run according to course and distance, and fixing the corner C No. 3, at the south end of that line, taking care, however, that the line so run shall cross the road called for.

The court, in trying the cause, let in a mass of evidence which had no relevancy to the matter in issue. The witnesses,

most of them surveyors, seem to have been permitted to locate
the line according to their opinions. This was not the proper
mode of trying the issues or locating the line. In adopting
the mode above mentioned, the court abdicates its functions.
and turns them over to the witnesses. The witnesses should
depose to facts only. The calls of the patent are admitted
in evidence, and the line must be located according to these
calls. The court must determine what the calls are. The
evidence is admissible to identify those calls, to show their
location on the ground. To illustrate: A line is called for
running from a tree marked ''B'' to a rock on which is
marked in paint the letter ''A.'' The witness can testify only
to the existence of the tree and the rock called for. When
they are ascertained, the court fixes the line by running a
straight line over from B to A. A line is here called for
running from a fixed point C No. 2; a course specified, south,
50 degrees east; a specific distance, 395 chains 55 links, to a
post, C No. 3, T. No. 5. Before it reaches the post last men-
tioned, it crosses a road. That line only is correct which
crosses the road referred to. A line suggested or testified to
which does not cross the road must be rejected at once. If
post C No. 3 is found stuck in the ground at the end of the
line, that would certainly fix it. A post found 20 chains east
of this point, or 20 chains west of it, lying on the ground,
should not be considered a moment. If no post is found where
the line ends, a line run in accordance with the calls of the
patent is the true line. In regard to the road, we wish to be
understood as saying, if the road is shown to exist, the line
must cross it; if no road is found, the line must end when
the distance called for is measured; say, 395 chains 55 links.
We repeat, a court fails to discharge its duty when it fixes
a line not in accordance with the calls of the written instru-
ment in evidence. The court must make the location. A wit-
ness should only be allowed to testify as to the existence and
condition on the ground of what is called for in the writing.
His opinions or speculations or conjectures are inadmissible,
and should have no weight. In this case we are convinced
that the testimony shows that the Harris line is not the true
line, and therefore the order denying plaintiff's motion for a
new trial must be reversed. Cooper's line seems to be nearly
correct. His course is a little variant from the course called

for in the patent. It is, however, correct, if at the southern
end of the line the post called for, C 3, T. 5, is found.   Order
reversed and new trial ordered.

I concur: Sharpstein, J.

McFARLAND, J.—I concur on the ground that the court
erred in admitting the evidence referred to in Mr. Justice
Thornton's opinion.