All the judges concurred, except GRAY, J., dissenting

## ISEAR *v.* BURSTEIN.

*N. Y. Superior Court ; Special Term, May,* 1893.

1. *Stipulations ; evidence.*] In consequence of a conflict between surveyors called as witnesses by the respective parties to an action involving a disputed boundary, the parties stipulated before trial to allow the court to appoint some competent disinterested surveyor to examine the premises, and that his report should be conclusive as to the disputed boundary. The court acted upon the stipulation and appointed a surveyor.—*Held,* that in deciding the case, the court would regard the report of the surveyor appointed by it, as conclusive.*

2. *Damages.*] The measure of damages in an action for the encroachment of a wall upon adjoining premises, is the amount by which the selling price of the premises trespassed upon is reduced by the wrongful act.

3. *Evidence.*] In an action to compel the removal of a wall encroaching on plaintiff's premises, or to pay the damages occasioned thereby,—*Held,* that the court in assessing the damages was not bound by the testimony of experts as to the extent of the depreciation in the value of the plaintiff's land occasioned by the wall, but might use its own judgment and experience in determining the matter.

* See note at the end of this case.

Trial by court without a jury.

Action by Rebecca Isear against Maurice J. Burstein to compel the removal of a wall encroaching on plaintiff's premises, or to recover damages therefor.

*S. Sultan* and *D. Leventritt,* for plaintiff.

*M. S. & I. S. Isaacs* and *A. L Sanger,* for defendant.

McADAM, J.—The main question involved is whether the wall of the defendant's house, No. 182 Henry Street, encroaches upon the plaintiff's lot adjoining, known as No. 184 in the same street. The defendant denied that his wall overlapped as charged, and alleged that on the contrary the plaintiff's wall trespassed upon his premises. The parties were evidently sincere, for they had surveys made by city surveyors sustaining the contention urged by each. In consequence of this conflict the parties wisely agreed when the case was called, that the court take the deeds and the different surveys and appoint some competent disinterested surveyor to survey the property, and stipulated that the survey made by such indifferent surveyor be accepted as conclusive on the question in dispute. The court acted upon the stipulation and named Jacob Rudolphy, Esq., who after a careful survey and examination reported that the defendant's wall, on the rear extension of his house, encroached upon the plaintiff's lot, from $2\frac{1}{4}$ to $2\frac{1}{2}$ inches for a distance of about fourteen feet. This was by the stipulation made conclusive on the disputed fact, leaving the court charged with the simple duty of determining the measure of damages, which in an action against a wrong-doer for encroaching on a neighbor's wall is the amount by which the selling price of the premises trespassed upon is reduced by the wrongful act (*Wood's Mayne on Damages,* § 569; *Sedgwick on Damages,* 7th ed., 267, 268). The experts called varied in their estimate as to the extent of the depreciation, placing it from $250 up to $500. While

this evidence is valuable as an aid in determining the depreciation, it is not conclusive on the court, which may notwithstanding use its own judgment and experience in regard to the matter (Reeves *v*. Hyde, 14 *State Rep*. 689 ; Muller *v*. Ryan, 19 *Id*. 109 ; Head *v*. Hargrave, 105 *U. S.* 45).

Upon the entire case the damages are assessed at $375, and the plaintiff is awarded a decree in the alternative, requiring the defendant to remove the incumbrance complained of within thirty days, or in default thereof, that he pay the plaintiff $375 as damages for the injury aforesaid.

Judgment accordingly with costs.

### NOTE ON SURVEYS AS EVIDENCE.

The practice adopted in this case seems a good illustration of the value of expert evidence when taken judicially, and not in the way of partisan opinion. See also 5 *Columbia Law Times*, 181 : "The Physician on the Witness Stand."

The following notes of cases will indicate the statutory sanction already given in some other States to the use of such surveys, as well as the rules in force in New York.

1. *Surveyor's oath to standards.*] N.Y. L. 1851, c. 134, § 33, provides that "No surveyor shall give evidence in any cause depending in any of the courts of the State. or before arbitrators, respecting the survey or measurements of lands which he may have made, unless such surveyor shall make oath, if required, that the chain or measure used by him was conformable to the standards which were the standards of the State, at the time such survey was made." See, also, amendment of *1893*.

2. — *of surface measurement.*] McManus *v*. Gavin, 77 *N. Y.* 36. The provision of L. 1851, c. 134, § 33,—prohibiting a surveyor from testifying "respecting the survey or measurement of lands made by him, unless he shall make oath, if required, that the chain or measure used by him conformed to the State standards,"—applies only to surface surveys and measurements, and not as to measurements as to the quantity of material taken from an excavation.

3. *Survey of land in adversary's possession to obtain evidence.*] Code Civ. Pro. § 1682, provides that "if the court, in which an action relating to real property is pending, is satisfied that a sur-

vey of any of the property in the possession of either party, or of a boundary line between the parties, or between the property of either of them, and of another person, is necessary or expedient · to enable either party to prepare a pleading or prepare for trial, or for any other proceeding in the action, it may, upon the application of either party upon notice to the party in possession, make an order granting to the applicant leave to enter upon that party's. property, to make such survey."

4. *Statute giving survey does not impair trial by jury.*] Gates *v.* Brooks, 59 *Iowa*, 510. Chapter 8 of Laws of 1874, of Iowa,—providing in substance that a landowner may apply by petition, upon notice to an adjoining owner, to the district court for the appointment of a commission of one or more surveyors to survey and take evidence as to a disputed boundary, and that the court shall hear objections to the report of the surveyor, approve or reject it, and enter judgment accordingly— is not in conflict with art. 1, § 9, of the Iowa constitution, providing that a trial by jury shall remain inviolate, and that no person shall be deprived of life, liberty or property without due process of law.

The court say : " There is no question of title between the parties. in any proper sense. A controversy arises only when the parties. attempt to apply their respective deeds to the face of the earth.. The question is one of location. All the claim which defendants make to the land in controversy, so far as this proceeding is concerned, is conditional. They claim the land in controversy, if it is within. Section 15." [the description in defendant's deed.]

· S. P., Coombs *v.* Quinn, 66 *Iowa*, 469 ; Caldwell *v.* Nash, 68 *Id.* 658.

Cuthbertson *v.* Locke, 70 *Iowa*, 49. The statute of limitations. has no application to proceedings for the permanent survey of lands under L. 1874, ch. 8, because the effect of such proceedings is simply to establish lines and corners, and not to disturb titles or rights of possession.

Yocum *v.* Haskins (Iowa, 1892), 46 *Northwest Rep.* 1065. Under such statute the court cannot enter a judgment, the reverse of that called by the surveyor's report, without setting it aside or referring it to another commissioner, unless there is evidence to. support such judgment.

4. *Duty of surveyor under statute.*] Schunior *v.* Russell, 83 *Tex.* 83 ; s. c., 18 *Southwest Rep.* 484. A surveyor appointed under Texas. R. S. art. 4800,—providing that " the presiding judge of the court may either in term time or vacation, at his own discretion, or on motion to either party to the action, appoint a surveyor, who shall survey

Note on Surveys as Evidence.

the premises in controversy pursuant to an order of the court and report his action under oath to such court ; and if said. report be not rejected for good cause shown, the same shall be admitted as evidence upon the trial,—is not empowered to determine any question of fact, or to gather up and report evidence for the guidance of the court or jury; his duty is to go upon the land he is to survey with a copy of the field notes by which he is to be guided, to search for and survey its lines and corners, and to report such natural and artificial objects as indicate the true location of the lines he may have found upon the ground, and the correct distance of such. When no objects can be found, then he should so report."

S. P., Westbrook *v.* Guderian (Tex. 1893), 22 *Southwest Rep.* 59.

[Code Civ. Pro. § 3299, provides for a per diem fee for surveyors in partition and dower, for time "actually and necessarily occupied in surveying, laying out, marking or mapping land." While commissioners in partition who have to prepare a report, are allowed "for each day's actual and necessary service."]

5. *Identity of the land.*] Henry *v.* Whitaker, 82 *Texas*, 5. When the identity of land conveyed by a deed is in controversy, it is competent for a party to procure a surveyor to make a survey of the premises and to have him testify as to the results of such survey upon the trial ; such a question is a question of fact which may be testified to by any competent witness.

6. *Locating the land.*] Kelso *v.* Steiger (Md. 1892), 24 *Atlantic Rep.* 18. In ejectment, *held,* that the construction of a deed with reference to a proper location of the land described therein, or what was the proper location called for by a particular deed in reference to other deeds in the case, was a question of law for the court; and that it was not competent for a surveyor to give an opinion concerning such questions.

7. *Locating the starting point.*] Burt *v.* Busch, 82 *Mich.* 506. The question of the location of a starting point for a surveyor is one of fact for the jury, and not of theory to be determined finally upon the opinions of surveyors or experts. *So held,* where a surveyor after he had testified that he could not and did not find the original quarter-post when making a survey, was asked whether in his judgment the quarter-post had or had never been located under the original survey.

8. O'Brien *v.* Cavanaugh, 61 *Mich.* 368. Action for trespass. A surveyor has no more right than anyone else to decide upon starting points and other elements of location ; where there is nothing to show that a survey is correct in any of its governing features, it is inadmissible in evidence.

9. Tognazzini *v.* Morganti (Cal. 1889), 23 *Pacific Rep.* 138.   It is for the court to determine what the calls of a patent are.   A witness may testify as to their existence and condition on the ground, but it is error to admit his opinions and conjectures as to their location.

10. Opinion of surveyor as to proper location of a grant on conveyance inadmissible.

See Schultz *v.* Lindell, 30 *Mo.* 310.

11. *What was a monument.*]   Davis *v.* Mason, 4 *Pick.* 156.   A surveyor may testify as to whether in his opinion certain piles of stones and marks on trees are monuments of boundaries.

12. *Actual occupancy.*]   Van Rensselaer *v.* Vickery, 3 *Lans.* 57. In ejectment the testimony of plaintiff's witness, who has examined surveys and maps of the premises, and plotted them out in accordance therewith, and followed out upon the premises with the naked eye the different lines as given in the description, and found the bounds of defendant's occupation, is admissible upon the question whether defendant occupies the premises so described.

13. *Testimony to incongruity of descriptions.*]   Ratcliffe *v.* Cary, 4 *Abb. Ct. App. Dec.* 4.   In an action for trespass, *held,* that it was competent to prove by a surveyor, that the courses and distances in a deed were incongruous and that all the lines indicated by monuments differ in length from the deed.

14. *Testimony to line " necessary" to give area called for.*]   Pope *v.* Hanmer, 74 *N. Y.* 240. In an action of trespass where the question in controversy was as to the location of the line between the parties, *held,* that it was competent to prove by the surveyor that the line claimed by plaintiff was necessary to give the quantity of land called for by his deed.

15. *Construction of papers.*]   Ormsby *v.* Ihmsen, 34 *Pa. St.* 462. In ejectment, a surveyor called as a witness was asked whether in his opinion certain lands were vacant at the time a survey was made, where the answer depended on the construction of a return of a survey in the land office.   *Held,* that opinions of a surveyor as to the construction of an office paper were inadmissible.

S. P., Cases 6–9, above.

16. *Opinion as to error in original survey.*]   Randall *v.* Gill, 77 *Texas,* 351. A surveyor should not be permitted to testify that in his opinion the original survey in litigation was made by running only one of its lines ; the jury should pass upon the facts.

17. *Weight of surveyor's testimony.*]   Harrison *v.* Rowley (·Ky. 1890), 14 *Southwest Rep.* 359. Where the testimony as to the loca-

Note on Surveys as Evidence.

tion of a boundary line is very conflicting, it is proper for the court to determine the boundary according to the evidence of a surveyor who has made an actual survey of the premises.. *So held*, in a suit to establish a boundary line that had been confused by defendant's acts.

18. *Effect of report,—does not determine title.*] Russell *v.* Senior, 118 *Ind.* 520. A survey under Ind. R. S. §§ 5950-5955,—authorizing the county surveyor or his deputy to establish and re-locate boundaries, and providing that such survey shall be *prima facie* evidence in favor of the corners and lines. so established,—only establishes the line and does not determine the title to the real estate; it is proper upon appeal from such survey to introduce evidence of possession and of other facts to aid in arriving at the true line and boundary, but not for the purpose of settling title.

19. *Oral evidence not a substitute for official report.*] Arneson *v.* Spawn (S. D. 1891), 49 *Northwest Rep.* 1066. The survey of a county surveyor, which, under section 689, *et seq.* of S.D. Comp. Laws, carries the presumption of correctness, is the survey made, authenticated and recorded as therein provided; oral evidence of the acts of such surveyor does not take the place of his official report, nor support the same presumption.

20. *Testimony in support of it.*] Gunn *v.* Harris, 88 *Ga.* 439. Where the location of the dividing line between the parties litigant is relevant to the matter in controversy, the testimony of the county surveyor that he ran the line pending the suit, that defendant was present when this was done, and that a certain map of the survey is correct, is admissible evidence for the plaintiff, notwithstanding the surveyor also testifies that his work was done in the course of processioning the land in accordance with the statute on that subject (*Ga. Code,* § 2384).

21. *Mechanic's lien.*] Rall *v.* McCrary, 45 *Mo. App.* 365. In an action to enforce a mechanic's lien between the landowner and lienor, where there is a controversy as to the description of the land, the court will appoint a commissioner, upon the application of the latter, to make a survey of the land sought to be charged, establish the boundaries and report such survey to the court; and such report will be admissible in evidence with the lien paper, and the two together will make out the lienor's *prima facie* right to the lien.