EMMA KELLER and Others, Respondents, v. HENRY FELDMAN, Appellant.

*Covenant in a contract of sale, but not in a deed, of land as to an independent wall — rescission of the sale.*

Where a contract for the sale of a house contains a covenant that one of the walls is an independent wall, but the deed thereafter delivered contains no such covenant, and the wall is, in fact, not an independent wall, the grantee may, when the facts are such as to constitute a legal fraud on the part of the grantor, rescind the purchase and have the conveyance set aside and the purchase money repaid.

APPEAL by the defendant, Henry Feldman, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the city and county of New York on the 8th day of February, 1893, upon a decision of the court rendered after a trial at the New York Special Term.

*John Henry Hull,* for the appellant.

*George F. Langbein,* for the respondents.

PER CURIAM:

The defendant by an agreement in writing contracted to sell to the plaintiffs a house and lot situated on the southerly side of Seventh street. The contract contained a covenant that " the westerly wall of said house is an independent wall." Subsequently a deed was delivered which did not contain a similar covenant, and there

was not in fact an independent westerly wall. After the grantees had been in possession of the premises for a short time they discovered the absence of the wall, and also the fact that the deed contained no covenant in respect to it. Thereupon they tendered to the grantor a reconveyance of the premises and demanded that the contract be rescinded and the purchase price of the premises refunded. This was denied and shortly thereafter plaintiffs instituted this suit, alleging in the complaint that they had been fraudulently induced to accept the conveyance and basing thereon a demand for judgment; that the deed be set aside and the grantor compelled to refund to them the money and securities which they had turned over to him.

The trial court found, upon evidence sufficient to support the findings:

" That at the time of the delivery of said deed to the plaintiffs the plaintiffs relied upon and believed the statements and representations of said defendant mentioned and described in said contract, that the westerly wall of said house is an independent wall, to be true, and in consideration thereof " paid the purchase price ; " that the said statements and representations of said defendant in said contract, that the westerly wall of said house is an independent wall, were and are false and untrue ; " that during the time the defendant was the owner of the premises he " was informed by two of his tenants in said house that there was no westerly wall ; * * * and that at the time the contract was made, or the deed delivered, or at any other time, he did not inform the plaintiffs of these matters, and did not disclose any of the same, but suppressed them from the knowledge of the plaintiffs ; " " that the said contract and deed was drawn and the execution and delivery of each of the same was attended to by a lawyer who was retained by and acted for both the plaintiffs and defendant, * * * yet he " (the lawyer) " drew said deed for the defendant and omitted therefrom the covenant that the westerly wall of the said house is an independent wall, or any mention of any walls or house, and allowed and permitted such deed to be delivered to plaintiffs, taking such deed himself on behalf of said plaintiffs and recording the same in the register's office of the city and county of New York, and neither he or defendant informing the plaintiffs of such omission or suppression, or disclosing the same

to said plaintiffs, and leaving them entirely ignorant of the same; * * * that the plaintiff, Emma Keller, who acted for the plaintiffs, could not speak, read or write the English language, and could not read said deed; the same was not read over to the plaintiffs and they were ignorant of its contents; * * * that plaintiffs were entirely ignorant of the omission and suppression and concealment; that the westerly wall was an independent wall was not covenanted and contained in said deed, or that in fact there was no westerly wall to said house."

These facts, taken in connection with the other findings made by the trial court, establish a legal fraud on the part of the defendant, and fully justify the judgment rendered setting aside the conveyance and directing a repayment of the purchase price.

The judgment should be affirmed, with costs.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Judgment affirmed, with costs.