attorney shall be a sufficient service, requires personal service on the attorney ; service by mail can not be made unless the order specially provides for it, and if such service is made without any provision therefor the defect is not cured by the fact that the attorney actually receives the papers before the time specified in the order for personal service.

*Special proceedings.*] People *ex rel.* Brown *v.* Supervisors of Herkimer, 3 *How. Pr. N. S.* 241. Order to show cause why a writ of mandamus should not issue. *Held*, that under Code Civ. Pro. § 780, a county judge could not make an order to show cause returnable in less than eight days at a special term of the supreme court.

People *ex rel.* Mayor, etc. *v.* Nichols, 79 *N. Y.* 582. Upon application of relator an order was granted to show cause why relator should not have judgment upon the return to the writ of certiorari, and that service on a particular date (less than eight days) should be sufficient. *Held*, that in such a case there was no absolute right to a notice of eight days, but that under Code Civ. Pro. § 780, a notice of less than eight days could be prescribed by the court or judge ; and that the exercise of such discretion could not be reviewed in the court of appeals.

*Section 780 not applicable in surrogates' courts.*] Matter of Harris, 1 *Civ. Pro. R.* 162. Under Code Civ. Pro., § 3347, subd. 6,—providing as to the application and effect of certain portions of the Code of Civil Procedure—section 780 is not applicable to proceedings in the surrogate's court.

---

# SASSERATH *v.* METZGAR.

### *N. Y. Superior Court; Equity Term, November,* 1893.

1. *Specific performance ; Encroachment of building upon street.*] *It seems* that the encroachment upon the line of the adjoining street of the building on premises contracted to be sold, will defeat the right of the vendor to specific enforcement of the contract the same as would an encroachment upon an adjacent lot.
2. *The same.*] Where, however, the testimony of surveyors as to the alleged encroachment is conflicting, the vendor's witnesses testifying that there is none, and the encroachment claimed by the

purchaser's witnesses being very slight, and it appears that
the building was erected under the direction of the building
department of the city,—the court is justified in finding as a
fact that there is no encroachment; and in view of the further
fact that no private individual can bring an action to remove or
abate the alleged encroachment, will hold that the title is mar-
ketable and decree specific performance.

3. *Cases Cited.*] The authorities on the effect of encroachment by
buildings and the remedy therefor fully collated and ex-
plained.*

Bill filed to enforce specific performance of contract.

*J. M. Marx & John H. V. Arnold,* for plaintiff.

*E. Arnstein & A. C. Thomas,* for defendant.

McADAM, J.—The bill is to specifically enforce a
contract for the exchange of real property. The title is
unobjectionable, and all the land is there. The defence
urged is, that part of the northerly wall of the plaintiff's
building stands one inch upon the sidewalk or public
street, and part of the easterly wall stands a little over an
inch on the public sidewalk or street on that side. There
can be no doubt, that on the sale of a house and lot the
vendee is entitled to receive title to the land with four
walls to the house, and these should stand on the land
conveyed, that the purchaser may acquire an unimpeach-
able title to all. In this respect, the fact that one or
more of the walls may be party walls, constitutes no
objection (Hendricks v. Stark, 37 *N. Y.* 106, S. C., more
fully reported, 4 *Trans'pt App.* 146). Specific perform-
ance is not to be defeated by trivial objections or defects
which can be remedied or compensated for (22 *Am. &
Eng. Encl.* of *L.* 956, and see case of encroaching wall
brought within the rule. King v. Bardeau, 6 *Johns Ch.*
38, S. C., 10 *Am. Decis.* 312). But where the walls of the
house sold encroach upon adjoining property, the defect

* See also the next case in this volume and note at end thereof.

Sasserath *v.* Metzgar.

may be fatal (Stokes *v.* Johnson, 57 *N. Y.* 673 ; Smyth *v.* McCool, 22 *Hun*, 595 ; and see Baron *v.* Korn, 127 *N. Y.* 224 ; Isear *v.* Burstein, 30 *Abb. N. C.* 71, S. C., 24 *Supp.* 918), for the encroachment may be proceeded against by action of ejectment (Bowie *v.* Brahe, 3 *Duer*, 35 ; and see 4 *Duer*, 676). Even an overhanging wall may be so proceeded against (Sherry *v.* Frecking, 4 *Duer*, 452). In Stokes *v.* Johnson (*supra*) the court charged the jury, that if they found that the house contracted to be sold did stand upon the lot of somebody else to the extent of one and one-half inches, it was a reasonable ground of objection to the title, and this was held to be no error. In Arnstein *v.* Burroughs (*M. S. opinion N. Y. Supreme Ct., filed April,* 1893), a similar encroachment of two inches was held fatal to the title offered. Where the cornices or gutters only project over, the appropriate remedy is nuisance (Aiken *v.* Benedict, 39 *Barb.* 400 ; Vrooman *v.* Jackson, 6 *Hun*, 326). Equity might in any of these cases hesitate before compelling a party to take title, where there were reasonable grounds for believing that he might be subjected to another law-suit to which there was no defence. That risk does not enter into this contention. True, surveyors produced by the defendant have testified to the existence of the alleged encroachment, but those produced by the plaintiff have testified that the lines of the plaintiff's building are true and the walls all on her land, and do not encroach upon any part of the sidewalk or street. The variance in the surveys of the defendant's surveyors shows that surveyors are liable to err, and the witnesses frankly admitted that surveys are not always strictly reliable, that they are apt to be influenced by weather and other causes. The alleged encroachment here is so slight that it is, under the circumstances, as reasonable to believe the testimony of the plaintiff's witnesses, as those of the defendant. While useful as a guide, such evidence is not infallible. All the surveyors evidently intended to be accurate, but could not have

been in view of the discrepancies which appear by their surveys. The court therefore finds, that the plaintiff's witnesses have testified truthfully, and that there was in fact no encroachment whatever, and consequently no valid reason for not consummating the exchange according to the terms of the contract. The plaintiff's building having been erected under the direction of the building department, it is safe to assume that its inspectors would not knowingly permit a permanent encroachment to be placed upon the sidewalk, a circumstance which favors the plaintiff's contention, particularly in view of the fact that the alleged encroachment is one which no private individual can remove or abate (Griffith *v.* McCullum, 46 *Barb.* 561 ; Adler *v.* Elevated R. R. Co., 138 *N. Y.* 173). It is reasonably certain that the defendant will get all he contracted for, and run no possible risk in taking title. It is in every sense marketable and free from doubt (see Hutton *v.* Webber, 60 *N. Y. Superior Ct. R.* 247, affd. 137 *N. Y.* 615). It follows that the plaintiff is entitled to a decree, the terms of which will be settled on notice.

In Sabriski *v.* Veloski, 25 *Abb. N. C.* 185, it was held that the court would not specifically enforce a contract for the exchange of land, where that of defendant was described as being twenty-five feet wide, but was in fact but twenty-four feet with compensation in damages for the deficiency, but would leave the parties to their remedy at law.

In Boe *v.* Barry, 24 *Weekly Dig.* 5, the court refused specific performance where the vendor's agent represented that the foundations of the building sold were about nine feet deep, when in fact they were but six feet deep, the deficiency making it impossible to put in a cellar without great expense.

In Keller *v.* Feldman, 70 *Hun,* 377, the contract for the sale of a house contained a covenant that one of the walls was an independent wall, but the deed delivered pursuant to the contract contained no such covenant, and the wall was not in fact an independent wall. The court on evidence establishing legal fraud, set aside the conveyance, and directed repayment of the purchase price.

*Evidence by surveyors.* The act of 1851 in relation to weights and measures (*L.* 1851, *ch.* 134, § 33 ; 2 *R. S.* 6 ed. 803) contained this pro-

Sasserath *v.* Metzgar.

vision: "Sec. 33. No surveyor shall give evidence in any cause depending in any of the courts of the State or before arbitrators, respecting the survey and measurement of lands which he may have made, unless such surveyor shall make oath, if required, that the chain or measure used by him was conformable to the standards which were the standards of the State at the time such survey was made." This was superseded by the act of 1893 (*L.*, 1893, *p.* 200, *ch.* 101) in these words:

"Sec. 33. No surveyor shall give evidence in any cause depending in any of the courts of this State, or before arbitrators, respecting the survey or measurement of lands which he may have made, unless, if required, either such surveyor shall make oath, or it shall otherwise be shown that the chain or measure used by him was conformable to the standards of the State which were the standards of the State at the time such survey was made. An official certificate of any State, county, city, village or town sealer elected or appointed pursuant to the laws of this State, or the oath of such surveyor, that such chain or measure conformed to the State standard which shall have been furnished any such sealer pursuant to the provisions of the laws of this State, shall be *prima facie* evidence of such conformity, and an official certificate made by any such sealer that the implement used in measuring such chain or other measure was the one provided under such laws for such purposes, shall be *prima facie* evidence of that fact."

See also as to testimony of surveyors, note at page 73 of this volume.